# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:23-cr-00125

GARY SAWYERS

## MEMORANDUM OPINION AND ORDER

Pending are Defendant Gary Sawyers' Motion in Limine to Preclude the United States' Admission of Statements Contained in Medical and Other Records Not Made by Defendant [Doc. 41], and accompanying Motion to Seal Exhibit A to Doc. 41 [Doc. 43], both filed August 22, 2024. Also pending is the Government's Motion in Limine to Preclude the Admission of Pictures Purportedly Taken by Defendant's Spouse [Doc. 45], filed August 22, 2024, to which Mr. Sawyers responded on August 29, 2024 [Doc. 54]. Further pending is Mr. Sawyers' Motion to Preclude the Government from Calling Any Newly Disclosed Forensic Expert as Well as Any Use of this Expert's Work Product [Doc. 62], filed September 6, 2024, to which the Government responded on September 11, 2024 [Doc. 68].

## I.

On August 1, 2023, Mr. Sawyers was charged in a single-count indictment with one count of health care fraud in violation of 18 U.S.C. § 1347. The charges stem from Mr. Sawyers allegedly defrauding the Veterans Health Administration by falsely representing to Veterans Affairs and Veterans Benefits Administration representatives that he was wounded by

enemy fire in combat when, in fact, his injuries were self-inflicted due to negligent modifications made to his service weapon. Mr. Sawyers' trial is set to begin Tuesday, October 29, 2024.

Mr. Sawyers now seeks to exclude as inadmissible hearsay certain statements in his medical records regarding the cause of his injuries. Specifically, Mr. Sawyers requests the redaction of all statements in any records maintained by the Veterans Administration related to the cause of his injuries where (1) the Government does not intend to call a witness to testify that Mr. Sawyers made such statement to the witness at the time the record was created, and (2) the Government cannot show that the statement was made by Mr. Sawyers. The Government did not file an objection to Mr. Sawyers' motion in limine.

The Government seeks to exclude photographs of Mr. Sawyers' bullet-proof vest purportedly taken by Mr. Sawyers' spouse. The Government asserts the photographs are irrelevant, and that any probative value the photographs may have is substantially outweighed by unfair prejudice. Mr. Sawyers responded in opposition to the Government's motion. According to Mr. Sawyers, the subject photographs were taken on his wife's camera while he was recovering from surgery at Walter Reed National Military Medical Center. The photographs are purportedly time-stamped June 6, 2004, and depict what is alleged to be a bullet hole in the upper right-hand quadrant of the front protective chest plate of Mr. Sawyers' vest. Mr. Sawyers maintains the photographs are relevant as they tend to corroborate his claim that an enemy combatant fired a single shot at him, striking the upper right quadrant of his protective vest. Mr. Sawyers further asserts that the probative value of the photographs outweighs any prejudicial effect.

Mr. Sawyers' further seeks to exclude any expert testimony or other evidence "relating to the results of last minute [sic] forensic testing . . . on Mr. Sawyers' protective vest," [Doc. 62 at 1], as untimely and prejudicial. The Government responds (1) "the evidence in question

is the defendant's own evidence for his case-in-chief, . . . not evidence produced by the United States," (2) "[t]his evidence was disclosed to the United States in reciprocal discovery on July 2, 2024, nearly a year after the United States' request for reciprocal discovery," and (3) the Government did not learn the vest could be sent for forensic testing until September 4, 2024. [Doc. 68 at 6–7].

## II.

A. *Motion in Limine to Preclude Admission of Statements Contained in Medical and Other Records Not Made by Defendant [Doc. 41]*

Hearsay is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement," and is generally inadmissible. Fed. R. Evid. 801(c), 802. Hearsay statements include "written assertion[s]." *Id.* 801(a).

*Federal Rule of Evidence* 803 enumerates twenty-three distinct hearsay exceptions, "regardless of whether the declarant is available as a witness." Fed. R. Evid. 803. Pursuant to Rule 803(4), a statement that "is made for -- and is reasonably pertinent to -- medical diagnosis or treatment" and that "describes medical history; past or present symptoms or sensations; their inception; or their general cause" is not "excluded by the rule against hearsay." *Id.* 803(4). This hearsay exception is "premised on the notion that a declarant seeking treatment has a selfish motive to be truthful because the effectiveness of medical treatment depends upon the accuracy of the information provided." *Willingham v. Crooke,* 412 F.3d 553, 562 (4th Cir. 2005) (cleaned up); *see also White v. Illinois,* 502 U.S. 346, 356 (1992) ("[A] statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility."). "Admissibility of a statement pursuant to Rule 803(4) is governed by a two-part test: '(1) the declarant's motive in making the statement

must be consistent with the purposes of promoting treatment; and, (2) the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis.'" *Willingham*, 412 F.3d at 562 (quoting *Morgan v. Foretich*, 846 F.2d 941, 949 (4th Cir. 1988)).

Mr. Sawyers identifies five examples of statements in his medical records where it is unclear whether Mr. Sawyers was the person who provided the information pertaining to the cause of his injuries. [Doc. 43-1]. The medical records exception to the hearsay rule is based on the rationale that a person making a statement for the purpose of medical diagnosis or treatment is motivated tell the truth, and the statement therefore is inherently reliable. *See Morgan*, 846 F.2d at 949. Thus, to fall within the exception, the statement must be made by the person seeking treatment, or, in some cases, by someone with a special relationship to the person seeking treatment, such as a parent.

Accordingly, Court **GRANTS** Mr. Sawyers' motion in limine. To the extent either party seeks to introduce Mr. Sawyers' medical and other records at trial, such statements must be redacted in the absence of evidence attributing the statements to Mr. Sawyers or other persons with knowledge.

**B.** *Motion in Limine to Preclude the Admission of Pictures Purportedly Taken by Defendant's Spouse [Doc. 45]*

Inasmuch as the subject photographs have not yet been tendered for the Court's inspection, the Court **RESERVES JUDGMENT** on the motion. The matter may be raised anew at trial but must not be mentioned in open court with the jury prior to the Court ruling definitively upon the challenge.

C.  *Motion to Preclude the Government from Calling Any Newly Disclosed Forensic Expert as Well as Any Use of this Expert's Work Product [Doc. 62]*

On July 2, 2024, Mr. Sawyers, pursuant to a request for reciprocal discovery first made by the United States on September 12, 2023, provided the United States with photographs, a portion of which depict a woodland camouflage body armor. Upon receiving the photographs, the United States undertook an effort to find someone with the appropriate expertise to examine the body armor. On September 4, 2024, the United States inspected the body armor in defense counsel's office with the aid of Ed Hinchey, an expert in the field of body armor's reaction to kinetic strikes. In the presence of defense counsel, Mr. Hinchey indicated the body armor was suitable for forensic testing for the presence of ballistic material and/or gunshot residue. At the conclusion of the meeting, the United States requested that defense counsel give the body armor to investigators for the purpose of forensic testing, but defense counsel refused.

On September 6, 2024, the United States obtained a search warrant for the body armor. The body armor was then transported to the Element U.S. Space and Defense laboratory in Belcamp, Maryland, for a CT scan and examination. On September 12, 2024, the United States moved to continue the September 17, 2024, trial date, citing the need to await an analysis of the results. The Court granted the motion. Since then, the parties have received the full lab report and obtained expert witnesses.

The Court finds the United States reacted with reasonable promptness upon learning Mr. Sawyers' intentions to use the subject body armor to secure an appropriate expert witness to examine the evidence. When it attempted to thereafter secure the evidence for forensic analysis in September, a search warrant was required, causing further delay. Because the subject body armor is crucial to Mr. Sawyers' case-in-chief, a continuance was granted to permit the

parties ample time to obtain the necessary expert opinions. The Government has since retained an expert witness to testify to the lab analysis, techniques, and findings of the body armor testing, while Mr. Sawyers has engaged a rebuttal expert, who has since departed the case. Any prejudice caused by the alleged untimeliness of the Government's disclosure has been sufficiently rectified. Accordingly, the Court **DENIES** Mr. Sawyers' motion [**Doc. 62**].

### III.

Accordingly, the Court **GRANTS** Mr. Sawyers' Motion in Limine [**Doc. 41**], and Motion to Seal Exhibit A [**Doc. 43**], **RESERVES JUDGMENT** on the Government's Motion in Limine to Preclude the Admission of Pictures Purportedly Taken by Defendant's Spouse [**Doc. 45**], and **DENIES** Mr. Sawyers' Motion to Preclude the Government from Calling Any Newly Disclosed Forensic Expert as Well as Any Use of this Expert's Work Product [**Doc. 62**].

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER:  November 4, 2024

Frank W. Volk
Chief United States District Judge