**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO. 5:23-cr-00125

GARY SAWYERS

**ORDER**

Pending is the Government's Motion for Issuance of Subpoena [ECF 131], filed April 29, 2025, in which is seeks to subpoena Ms. Shiela Floyd, an employee of the Department of Veterans Affairs (hereinafter, "VA"), to testify at trial in the Government's case-in-chief.

"Pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called Touhy regulations to govern the conditions and procedures by which their employees may testify about work-related issues at trial." *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)). The Touhy regulations for the VA are codified in Chapter 38 of the *Code of Federal Regulations* Sections 14.800–810. Generally, these regulations require a party seeking the executive official's testimony to submit a request or demand for testimony that sets forth in, or is accompanied by, an affidavit, or if that is not feasible, a written statement by the party seeking the testimony or by the party's attorney, summarizing "the nature and relevance of the testimony sought in the legal proceedings." 38 C.F.R. § 14.805. The document must contain sufficient information for the responsible VA official to determine whether VA personnel should be allowed to testify. *Id.* Additionally, "requests or demands in legal proceedings for the production of records, or for testimony of VA employees concerning information, protected by the Privacy Act, 5 U.S.C. 552a, or other confidentiality statutes . . . must

satisfy the requirements for disclosure imposed by those statutes, and implementing regulations .

. . before the records may be provided or testimony given." *Id.* § 14.809.

However, the VA's Touhy regulations do not apply to "[l]egal proceedings in which

the Department of Veterans Affairs, the Secretary of Veterans Affairs or the United States is a

party, is represented or has a direct and substantial interest." *Id.* § 14.801(b)(2)(i). The regulations

define "legal proceedings" as "[a]ll pretrial, trial, and post-trial stages of all existing or reasonably

anticipated judicial or administrative actions, hearings, investigations, or similar proceedings

before courts, commissions, boards, or other tribunals, foreign or domestic that are not specified

in § 14.801(b)." *Id.* § 14.802. In federal criminal prosecutions, the United States is a party to the

litigation.

Nonetheless, in *United States v. Soriano-Jarquin*, the United States Court of

Appeals for the Fourth Circuit addressed the Touhy regulations promulgated by the Department

of Homeland Security ("DHS") in a federal criminal prosecution. 492 F.3d 495 (4th Cir. 2007).

> The defendant claims at the outset that Touhy regulations do not apply to cases in
> which the United States is a party, but neither the authorizing statute, 5 U.S.C. §
> 301, nor the DHS regulations, 6 C.F.R. § 5.41, impose any such limitation.
> Moreover, other courts have applied Touhy regulations to the testimony of agency
> employees in federal criminal prosecutions. *See, e.g., United States v. Wallace*, 32
> F.3d 921, 929 (5th Cir.1994) (applying Department of Justice Touhy regulations);
> *United States v. Allen*, 554 F.2d 398, 406 (10th Cir.1977) (same).

*Id.* at 504. Notably, the DHS regulations in effect at the time that case was decided provided as

follows:

> Nothing in this subpart affects the disclosure of official information to other federal
> agencies or Department of Justice attorneys in connection with *litigation conducted
> on behalf or in defense of the United States*, its agencies, officers, and employees,
> or litigation in which the United States has an interest; *or to federal, state, local, or
> foreign prosecuting and law enforcement authorities in conjunction with criminal
> law enforcement investigations, prosecutions, or other proceedings*, e.g.,
> extradition, deportation.

6 C.F.R. § 5.41(i) (2005) (emphasis added). Given the similarities between the DHS exception and that of the VA, it may be that, like the defendant in *Soriano-Jarquin*, a party to a federal criminal prosecution in our circuit who seeks testimony from an executive official must comply with the VA's Touhy regulatory process.

The Government is silent as to whether it has made a formal request to the VA under that agency's Touhy regulations. The Government's motion indicates only that the requested subpoena is required due to the nature of the information to be testified about. *See* [ECF 131 ("Pursuant to VA regulations, employees who will testify regarding information that falls under the Privacy Act can only receive authority to testify from a subpoena signed by a Court of competent jurisdiction. . . . [C]ounsel for the United States has conferred with counsel for the VA and has determined that the attached proposed subpoena is sufficient to satisfy this requirement.")]. The Court is thus unable to ascertain at the present juncture whether or to what extent the Government has satisfied the regulatory requirements for Ms. Floyd's testimony.

For these reasons, the Court **ORDERS** the Government to file a written response, **no later than 5:00 p.m. on May 4, 2025**, detailing the steps it has taken to comply with 38 C.F.R. § 14.805, or, in the event the Government contends that such steps are unnecessary, its rationale for that position.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        May 1, 2025



Frank W. Volk
Chief United States District Judge

3